OPINION
{¶ 1} Plaintiff/Appellant Marsha Hieber (nka Beth Owens, Executrix of the Estate of Marsha Hieber) and Defendant/Appellee Raymond Hieber were divorced in a July 5, 1996 judgment and decree of divorce, following four years of litigation. Pursuant to that decree, Marsha received a lump sum award of Raymond's Ohio Public Employees Retirement System (PERS) pension as part of her marital share.
 {¶ 2} Both parties appealed from that judgment, and a very lengthy, seemingly exhaustive opinion was issued addressing all aspects of the property division. Hieber v. Hieber (March 28, 1997), Greene App. Nos. 95 CA 59 and 96 CA 30. The case was remanded to the trial court, where further proceedings ensued.
 {¶ 3} Marsha appealed from several decisions issued in early 1998. Hieber v. Hieber (March 12, 1999), Greene App. No. 98 CA 45. Therein, we again remanded the case to the trial court, primarily addressing various issues related to Raymond's pension.
 {¶ 4} Following yet more litigation in the trial court, Marsha appealed to this court for a third time. Hieber v.Hieber (Oct. 20, 2000), Greene App. No. 99 CA 106. We once again addressed issues of property division, and we ordered the trial court to address which branches of Marsha's contempt motion required a hearing. On remand the litigation continued.
 {¶ 5} Marsha Hieber died unexpectedly in 2003, and Raymond stopped payments from his pension the following month. Upon the request of the executrix of Marsha's estate, Raymond made payments for the next three months before he again stopped paying and filed a motion in the trial court seeking to terminate his financial obligation. Although the state of the record leaves a lot to be desired, it appears that the estate moved to overrule the motion and requested attorney fees, alleging that Raymond's behavior was frivolous. No written motion was ever filed, but Marsha's estate has attached an unfiled copy of such a motion to its brief. As the trial court referenced the motion and Raymond does not contest the matter, we can only conclude that the motion was presented to the court.
 {¶ 6} On December 6, 2004 the trial court overruled Raymond's motion and granted the estate's motion to overrule. There was no mention of either frivolous behavior or attorney fees in that decision. The court ordered Marsha's estate to prepare and submit an entry "in accordance with this Decision." While such an order was prepared, it cursorily stated that the estate's motion was granted in toto.
 {¶ 7} Nearly a year later in October, 2005, the trial court issued an order stating that upon Raymond's request for clarification of attorney fees, neither party had previously been ordered to pay attorney fees, and neither party would be awarded attorney fees. Although Raymond claims in his brief to have filed such a motion, the record does not show that any such motion was ever filed. It is from this October 6, 2005 entry that Marsha's estate now appeals.
 {¶ 8} The Estate of Marsha Hieber's sole assignment of error is:
 {¶ 9} "The trial court erred by issuing an order to not grant attorney fees before Plaintiff/Appellant was even served with Defendant's motion regarding attorney fees and without providing Plaintiff/Appellant with an opportunity to be heard on the matter when attorney fees were granted in toto in an earlier order."
 {¶ 10} Marsha's estate argues that because the trial court granted the estate's motion to overrule "in toto," this necessarily means that the court had found Raymond's conduct to be frivolous and granted the estate reasonable attorney fees. We disagree.
 {¶ 11} In its December 6, 2004 decision, the trial court overruled Raymond's motion to terminate his payments and granted the estate's motion to overrule. However, the court did not address the estate's motion to find Raymond's conduct frivolous or for attorney fees. The court ordered the estate to prepare an entry "in accordance with this Decision." An entry was prepared that cursorily stated that the estate's motion was "granted in toto." Marsha's estate now relies solely on the later entry, that the estate provided to the court, when claiming that the court had found Raymond's conduct to be frivolous and awarded attorney fees to the estate. While the court admittedly did sign the estate's prepared entry, it would appear that the court never considered either the claim of frivolous conduct or the request for attorney fees.
 {¶ 12} Although Raymond states in his brief that he filed a motion to clarify the issue of attorney fees, no such motion was formally filed. Nevertheless, with apparently no notice to Marsha's estate, the trial court issued a decision nearly a year later in which the court pointed out that it had not awarded attorney fees in December, 2004. The court also stated that neither party would be awarded attorney fees.
 {¶ 13} Under the unusual circumstances of this particular case, we conclude that the October 6, 2005 decision appealed from will be affirmed to the extent that the trial court found that it had not awarded attorney fees. However, we will reverse the portion of the decision that states "Neither party shall be awarded attorney fees." Should Marsha's estate wish to pursue the matter of Raymond's allegedly frivolous conduct and/or its request for attorney fees, the estate may file a new motion to that effect in the trial court within 30 days of the filing of this decision and entry. Should the trial court have cause to rule on those issues in the future, it must do so only after both parties have the opportunity to be heard.
 {¶ 14} Therefore, we will affirm in part and reverse in part. We will remand this matter to the trial court for the court to address the question of whether Raymond's conduct was frivolous and whether to grant attorney fees, should the estate choose to continue to pursue those issues.
Donovan, J. and Walters, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).